NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA YESSENIA RODRIGUEZ-PENA and B. R.-A., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR., Attorney General, <br><br> Respondent. | No. 18-70208 <br><br> Agency Nos. A202-136-112 & A202-136-111 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020[**]
Seattle, Washington

Before:    M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Petitioners Maria Yesenia Rodriguez-Pena and B.R.-A., her minor child, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals ("BIA") order dismissing their appeal. The BIA affirmed the Immigration Judge's ("IJ") adverse credibility determination and denial of Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Petitioners argue that the agency erred because the inconsistencies cited by the IJ in making his adverse credibility determination are minor and only relate to "dates and temporal issues." *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011). The record does not compel such a finding. Rodriguez-Pena's testimony about the events leading up to Petitioners' departure increased the frequency and length of time Rodriguez-Pena was subjected to past harm and was inconsistent with her credible fear interview. The IJ reasonably relied on these inconsistencies in making his adverse credibility determination. *See Shrestha*, 590 F.3d at 1046.

The IJ also examined Rodriguez-Pena's corroborating evidence and considered her explanations for the inconsistencies and reasonably found both to

2

be insufficient. Rodriguez-Pena's corroborating evidence does not address the frequency or length of time Rodriguez-Pena was subjected to harm, and does not compel a finding that the IJ's rejection was in error. Further, the record surrounding Rodriguez-Pena's explanations for the inconsistencies does not compel a finding that the IJ's decision rejecting them was erroneous. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In rejecting her explanations, the IJ noted that Rodriguez-Pena's credible fear interview occurred shortly after the alleged abuse occurred and Rodriguez-Pena gave a specific date (July 30, 2014) that the abuse ended. This date was inconsistent with her later testimony.

In short, the record does not compel a conclusion contrary to that of the IJ and BIA regarding Rodriguez-Pena's lack of credibility.[1] *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

Given this finding, there is no credible evidence to support any of Petitioners' claims for relief. Thus, substantial evidence also supports the BIA's decision to affirm the IJ's denial of CAT protection, which was based on the same testimony found to be not credible. Petitioners have not shown that any

---

[1] Because of this finding, Rodriguez-Pena's argument regarding the timeliness of her asylum application based on ineffective assistance of counsel also fails for lack of prejudice. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009).

reasonable adjudicator would be compelled to find, based on the record, that Petitioners will more likely than not be subjected to torture by or with the acquiescence of a government official if removed. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (citing 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)).

**PETITION DENIED.**